UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COOPER/T. SMITH STEVEDORING COMPANY, INC. and COOPER CONSOLIDATED , LLC<br><br>                  Plaintiffs<br><br>VERSUS<br><br>BRIGHT NAVIGATION, INC, *in personam*, and the M/V AGAPI S, *in rem*<br><br>                  Defendants | * CIVIL ACTION NO. 17-1216 **c/w** 17-4965<br>* (**This Document Relates to Both Cases**)<br>*<br>* JUDGE NANETTE JOLIVETTE BROWN<br>*<br>* MAGISTRATE JANIS VAN MEERVELD<br>*<br>*<br>* ADMIRALTY<br>*<br>* Pursuant to Rule 9(h) of the<br>* Federal Rules of Civil Procedure<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PRE-TRIAL MEMORANDUM REGARDING CONTESTED ISSUES OF LAW

Cooper/T. Smith Stevedoring Company, Inc., Cooper Consolidated, LLC ("Cooper"), RTI Barge Management, Inc. ("RTI"), Cargill, Inc. ("Cargill"), and SCF Marine, Inc. ("SCF") hereby submit this memorandum of law regarding contested issues of law identified in the parties' joint pre-trial order.

**I.   RTI, Cargill, and Heartland Barge Management each validly assigned all claims arising out of the loss and damage sustained on or about February 10, 2016, to Cooper.**

    A.    The assignments at issue are governed by the general maritime law, and, alternatively, Louisiana law.

RTI, Cargill, and Heartland Barge Management ("Heartland") each assigned "any and all claims and demands against any person, and all persons, corporations, or other legal entities, or properties, arising from or connected with such loss or damage related to the [incident giving rise to this litigation]." *See* Assignment Agreements with RTI, Cargill, and Heartland, Rec. Doc. 47-3 (collectively, the "Assignments"). The Assignments clearly state that they are to be construed and

interpreted in accordance with the general maritime law, and, alternatively, in the event that the general maritime law does not apply, in accordance with the laws of the State of Louisiana. *See id.* It is well-settled that choice-of-law clauses such as these are presumptively valid. *See Mitsui & Co. (USA) v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) (citing *Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER*, 515 U.S. 528 (1995); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995)).

      B.     Louisiana law governs the issue of whether the Assignments are valid despite the absence of Cooper's signature.

The general maritime law is silent regarding the issue of whether an otherwise enforceable assignment of a tort claim for property damage is valid when the signature of the recipient of the assignment is absent. Therefore, according to the language of the Assignments, Louisiana law governs this issue. Moreover, courts have traditionally looked to state law for guidance on issues where maritime law is silent. *See Wilburn Boat Co. v. Fireman's Fund. Ins. Co.*, 348 U.S. 310, 313 (1955); *and Princess Cruises v. Gen. Elec. Co.*, 143 F.3d 828, 834 (4th Cir. 1998).

      C.     Under Louisiana law, the Assignments are valid.

In Louisiana, "[a]ll rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor." *Conerly Corp. v. Regions Bank*, 668 F. Supp. 2d 816, 823 (E.D. La. 2009) (citing La. Civ. Code. art. 2642). The U.S. Fifth Circuit has previously noted that "[t]he Louisiana Civil Code allows great contractual freedom in assignment of rights, stating that all rights–save for strictly personal rights–may be assigned." *Bayou Steel Corp. v. Evanston Ins. Co.*, 354 Fed. Appx. 9, 14 (5th Cir. 2009) (citing La. Civ. Code art. 2642). Additionally, "no special forms or words are required to constitute a valid assignment, nor does the transfer have to be in writing." *Conerly*

*Corp. v. Regions Bank*, 668 F. Supp. 2d 816, 828 (E.D. La. 2009) (citing *Katz v. Saruessen*, 476 So.2d 16, 19 (La. Ct. App. 1985); *Producing Manager's Co., Inc. v. Broadway Theater League of New Orleans, Inc.*, 288 So.2d 676, 679 (La. Ct. App. 1974)). Further, an assignment does not need be in authentic form and can be made orally. *See La. Mobile Imaging, Inc. v. Abraham*, 21 So. 3d 1079, 1082 (La. Ct. App. 2009) (citing *Roland v. Sims*, 355 So.2d 591). An oral assignment may be proven like any other fact in a legal proceeding. *See id.*

The parties' conduct clearly demonstrates that the assignment was valid. Cooper, receiving the Assignments at issue here, initiated suit, rather than RTI, Cargill, or Heartland, because the Assignments subrogated Cooper to the rights of the assigning entities. Further, under Louisiana law, when a party drafts a contract and presents the draft to another party for its signature, that contract becomes effective and enforceable upon the reviewing party's signature, regardless of whether the drafting party signed the contract. *See Atlantic Banana Co. v. Standard Fruit & S.S. Co*., 493 F.2d 555, 559 (5th Cir. 1974); *Jones v. Travelers Indem. Co*., 2018 U.S. Dist. LEXIS 21415, *5 (W.D. La. 2018); *Ludwig v. Bottomly & Assocs., Inc.*, 1996 U.S. Dist. LEXIS 11061 *10 (E.D. La. 1996); *and Pilkington N. Am., Inc. v. Smit*h, 2014 U.S. Dist. LEXIS 11061, *7-8 (M.D. La. 2014).. Here, Cooper drafted the Assignments and presented them to each of the assigning entities for their signature. Therefore, despite the absence of Cooper's signature, each of the Assignments are valid under Louisiana law.

**II.    Cooper is entitled to an award of costs and attorneys' fees for Empire's actions contesting liability through trial despite clear evidence of full liability.**

Federal courts retain an "inherent power" to order fees as sanctions where a "losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv.*, 421 U.S. at 258-59). The Court should exercise that discretion to award Cooper costs and attorneys' fees incurred in connection

3

with the three-year pursuit of this claim despite Empire's plain liability. The Fifth Circuit has held that a defendant who attempts to litigate a faultless plaintiff into submission when the defendant clearly knows of its own liability may be liable for the faultless party's costs and attorneys' fees. *See Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 592 (5th Cir. 2016) (upholding an award of fees where the losing party "contested liability up to and through trial even though it 'clearly knew the extent of its liability based on the circumstances of the case … [and] was fully aware of the fact that [the faultless party] had no liability whatsoever for the allision'") (citing *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 & n.4 (5th Cir. 2015).

As will be shown at trial, Empire has clear fault for the damage caused by the allision and grounding and subsequent barge breakaway. Similar to the party at fault in *Moench* who contested liability through trial despite its obvious liability, Empire has refused to entertain realistic settlement negotiations in an attempt to force Cooper to capitulate by prolonging litigation well beyond the point of discovery at which Empire's liability could no longer be reasonably contested.

During this litigation, Empire has candidly admitted that it is attempting to force Cooper to make a "business decision" to accept a reduced settlement rather than incur the substantial cost of proving its claims at trial. Empire's abuse of the litigation process should not go unnoticed, and the Court should award Cooper costs and attorneys' fees for Empire's bad faith effort to prolong litigation until justice is rendered financially untenable.

Respectfully submitted,

*/s/ Frederick W. Swaim III*
FREDERICK W. SWAIM III (LA #28242)
EMMITT LEIGHTON DUBOSE III (LA #35113)

4

Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Telecopier: (504) 525-2456
***Counsel for Cooper/T. Smith Stevedoring Company, Inc. Cooper Consolidated, LLC, RTI Barge Management, Inc., and SCF Marine, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all known counsel of record via the U.S. District Court's E-file system on this 15th day of January, 2019.

*/s/ Frederick W. Swaim III*
FRDERICK W. SWAIM III