UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

COOPER/T. SMITH STEVEDORING　　　* CIVIL ACTION NO. 17-1216 **c/w** 17-4965
COMPANY, INC. and　　　　　　　　　* (**This Document Relates to Both Cases)**
COOPER CONSOLIDATED, L.L.C.　　　*
　　　　　　　　　　　　　　　　　* JUDGE NANETTE JOLIVETTE BROWN
　　　　　　　　　Plaintiffs　　　　*
　　　　　　　　　　　　　　　　　* MAGISTRATE JANIS VAN MEERVELD
　　　　VERSUS　　　　　　　　　　*
　　　　　　　　　　　　　　　　　* ADMIRALTY
BRIGHT NAVIGATION, INC., *in personam*,　*
and the M/V AGAPI S, *in rem*　　　　　*
　　　　　　　　　　　　　　　　　* Pursuant to Rule 9(h) of the
　　　　　　　　　Defendants　　　　* Federal Rules of Civil Procedure
　　　　　　　　　　　　　　　　　*

* * * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT PROPOSED PRE-TRIAL ORDER

NOW COME all parties, through undersigned counsel, who respectfully submit this Joint

Proposed Pre-Trial Order pursuant to this Court's Pre-Trial Notice.

### I.　DATE OF FINAL PRE-TRIAL CONFERENCE

The Final Pretrial Conference is set for Thursday, January 17, 2019, at 4:00 p.m.

### II.　COUNSEL FOR THE PARTIES

Appearing for plaintiff in No. 17-1216, Cooper/T. Smith Stevedoring Company, Inc.,

plaintiff in No. 17-1216 and defendant in No. 17-4965, Cooper Consolidated, LLC (collectively

"Cooper"); and defendants in No. 17-4965, RTI Barge Management, Inc., Cargill, Inc., and SCF

Marine, Inc. (collectively "barge owners"):

　　　Jason P. Waguespack
　　　Frederick W. Swaim III
　　　Emmitt L. DuBose III
　　　Galloway, Johnson, Tompkins, Burr & Smith
　　　701 Poydras Street, 40th Floor

New Orleans, Louisiana  70139
(504) 525-6802

Appearing for plaintiffs in No. 17-4965, ms "Provence" Schiffahrtsgesellschaft mbH &

Co. KG and FH Bertling Reederei GmbH (collectively "SOLENT interests"):

Kevin J. LaVie, T.A. (#14125)
Adam N. Davis (#35740)
PHELPS DUNBAR, LLP
Canal Place – 365 Canal Street, Suite 2000
New Orleans, Louisiana  70130
Telephone: (504) 566-1311
Attorneys for Plaintiffs, ms "Provence"
Schiffahrtsgesellschaft mbH & Co. KG and FH Bertling
Reederei GmbH, foreign corporations owning and
managing the M/V SOLENT

Appearing for defendant in Nos. 17-1216 and 17-4965, Empire King Navigation, Inc.

("Empire King") as claimant of the M/V AGAPI S:

Daniel A. Tadros (#21906)
Alan R. Davis (#31694)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075
tadros@chaffe.com
davis@chaffe.com

## III.   DESCRIPTION OF THE PARTIES

Cooper owns/operates a barge fleeting facility located near Mississippi river mile 180 in

Darrow, Louisiana ("Cooper Darrow Fleet"). Cooper/T. Smith Stevedoring Company, Inc. is a

Louisiana corporation, which owns the Cooper Darrow Fleet real estate and fixed mooring

assets. Cooper Consolidated, LLC is a Louisiana limited liability company, which operates the

Cooper Darrow Fleet and owns moveable mooring equipment used in the fleet's operations.

The M/V AGAPI S is an ocean going bulk carrier of approximately 37,215 gross tons sailing under the flag of Liberia. Empire King Navigation, Inc., is a Liberian company that was at all times the owner of the AGAPI S. Empire King has appeared as owner and claimant of the AGAPI S pursuant to Rule C(6) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Forfeiture Actions (Rec. Doc. 6).

The barge owners are the owners of the barges RTI 430, CC 95538B, CC 95152, CC 1501, AGS 194, PML 910, PML 930, SCF 26151B, SCF 14143B, SCF 24162B, SCF 24028, BUNGE 14003, and JIMBO 327B (collectively "Barges"), which broke away from the Cooper Darrow Fleet during the February 9-10, 2016 incident.

Plaintiffs ms "Provence" Schiffahrtsgesellschaft mbH & Co. KG and FH Bertling Reederei GmbH are non-U.S. corporations which own and manage the M/V SOLENT. These plaintiffs filed suit against the M/V AGAPI S, *in rem*, her owner, Empire King Navigation, Inc., her manager, Bright Navigation, Inc., Cooper Consolidated, LLC and the owners of the barges which struck the M/V SOLENT.

## IV.   JURISDICTION

All claims at issue in this matter fall within admiralty jurisdiction and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

## V.   PENDING MOTIONS

The only motion pending is Cooper's Motion in Limine to Exclude Testimony and Report by Maurice Ryan, Rec. Doc. 30.

## VI.   JOINT SUMMARY OF MATERIAL FACTS

On the evening of February 9, 2016, Empire King's vessel, the M/V AGAPI S, was downbound on the Mississippi River in the area of 81-Mile Point under the control of a licensed

New Orleans Baton Rouge Steamship Association (NOBRA) pilot and with one assist tug alongside. As the vessel came around the point, her pilot was unable to arrest the vessel's swing. The pilot performed a "top around" maneuver that resulted in the vessel anchoring near the uppermost block of barges (Block 1 of 6) of a barge fleet owned by Cooper. The vessel then contacted one barge in Block 1 at 2245 LT and subsequently became grounded near the downriver end of Block 1.

With the assistance of three harbor tugs,  the crew of the AGAPI S worked to refloat the vessel, with the ship eventually being refloated by 0400 LT. Several fleet boats under Cooper's control responded to the allision and grounding by holding block 1 together and off of the AGAPI S as some of the other fleet boats continued to work in and around the fleet. At least three vessels passed by the fleet at various speeds and distances between the grounding and refloating of the AGAPI S. At some time between 0030 LT and 0055 LT on February 10, as efforts were underway to refloat the AGAPI S and while other vessels were passing in close proximity, 12 barges broke away from Block 4 of Cooper's fleet and drifted downriver, striking the M/V SOLENT. The parties dispute the cause or causes of the breakaway of barges and the extent of recoverable damages, if any, resulting from the breakaway.


## VII.    UNCONTESTED MATERIAL FACTS

1.    The M/V AGAPI S is an ocean-going bulk carrier of 37,215 gross tones, 680.77 feet in length, bearing IMO No. 9514822, and flying the flag of Liberia.

2.    At all pertinent times the M/V AGAPI S was owned by Empire King Navigation, Inc.

3.      At all pertinent times the M/V AGAPI S was managed by non-party Bright Navigation, Inc.

4.      At all pertinent times Cooper T. Smith Stevedoring Company, Inc. and/or Cooper Consolidated, LLC owned and operated a barge fleeting operation between Mile 177 and Mile 175.

5.      The Mississippi River near mile 175 is an area with numerous ocean-going vessels and barge tows transiting the area between 9 February 2016 and 10 February 2016.

6.      On or about 9 February 2016 and 10 February 2016 the Mississippi River was at or near flood stage. Specifically, on 9 February 2016, the Mississippi River was at 11.2 feet on the Carrollton gauge.

7.      At approximately 2215-2220 local time ("LT") on 9 February 2016, the AGAPI S was navigating down bound along the left descending bank of the Mississippi River approaching 81-mile point.

8.      At approximately 2220 LT on 9 February 2016, the AGAPI S was maneuvering around 81-mile point when she was caught by a strong current that frustrated her navigation.

9.      After maneuvering downbound around 81-mile point on 9 February 2016, the AGAPI S  "topped around" so that the bow of the Vessel faced upriver, opposite of her intended direction.

10.     At approximately 2245 LT on 9 February 2016, the AGAPI S made contact with one empty barge (CHB 9952B) from Block 1 of the Cooper Consolidated Darrow, LA barge fleet at mile 177.

11.     On 9 February 2016, barge CHB 9952B was the outermost barges in the third row of barge Block 1.

12.     The AGAPI S shifted  downriver where she touched bottom and went aground near the downriver end of Block 1 of the Cooper fleet.

13.     After grounding, the harbor tugs VERA BISSO and BEVERLY (the latter arriving at 0037 on February 10) joined the harbor tug Mississippi and assisted the AGAPI S.

14.     The harbor tug BEVERLY did not reach the AGAPI S until approximately 0037 LT on 10 February 2016.

15.     The BEVERLY passed barge block No. 4 of the Cooper Fleet between 0027 and 0028:30 LT on 10 February 2016.

16.     Due to her heading, the stern of the AGAPI S was in the direction of the right descending bank, while barge block No. 4 was located near the left descending bank.

17.     At approximately 00402 LT on 10 February 2016, the AGAPI S was refloated.

18.     Barges were spotted in the area of the M/V SOLENT at approximately 0115 LT.

19.     On 10 February 2016, the master of the SOLENT issued a Sea Protest stating that loaded barges were hitting the vessel on her forward port and starboard sides at 0115 LT.

20.     On 10 February 2016, approximately twelve barges broke away from barge block No. 4 of the Cooper Darrow Fleet.

21.    The first report of a barge breakaway occurred approximately two and a half (2.5) hours after the initial contact between the AGAPI S and barge (CHB 9952B) from Block 1 of the Cooper Fleet.

22.    Block 1, which was attended to by fleet boats after the initial contact, suffered zero barge breakaways despite being the only barge block in Cooper's Darrow fleet to come into contact with the AGAPI S.

23.    After the AGAPI S contacted CHB  9952 and became grounded, several fleet boats contracted by Cooper attended at various times to Block 1.

24.    Barge blocks number 2, 3, 5, and 6 of the Cooper fleet did not suffer any barge breakaways on 9-10 February 2016.

25.    At approximately 0131 LT, the Pilot of the AGAPI S was informed of the barge breakaway.

26.    Between 2245 LT and 0030 LT no Cooper fleet boats alerted the  Master of the AGAPI S that it was creating excessive wheel wash or that the vessel's wheel wash was adversely impacting the barge blocks in the fleet.

27.    At approximately 0402 LT on 10 February 2016, the AGAPI S was refloated and proceeded downriver to Grandview Anchorage.

28.    The USCG Port of New Orleans Issued Marine Safety Information Bulletins ("MSIB") on 28 January 2016 specifically warning of "dangerous eddies" on the left descending bank of 81-mile point.

29.    The AGAPI S and Cooper Consolidated were fully aware of the MSIB.

30.    At all pertinent times, Cooper Consolidated's fleet was configured into six barge blocks along the left descending bank, with Block 1 being the farthest upriver and Block 6 being the farthest downriver.

31.    The barge blocks in Cooper's Darrow Fleet are secured to a single anchor point, which is connected to a primary barge or "block barge." Fleeted barges are then connected to the port, starboard, and aft side of the primary or block barge. Each additional barge is then secured to this barge.

32.    Mooring wires, soft lines, and other equipment are used to secure the barges.

33.    The JOANNE C was the lead fleet boat working the Cooper Darrow Fleet on the night of February 9-10, 2016.

34.    To the extent that any of the mooring wires that parted during the breakaway of Block 4 were not lost in the river, Cooper did not retain the failed equipment.

35.    Cooper does not keep records evidencing the time and date at which mooring wires used in Cooper's fleeting operation are first placed into service or when they are retired.

36.    On 10 February 2016 Cooper appointed Kyle Smith of Kyle Smith Marine Surveying to survey the barges involved in the breakaway.

37.    With the exception of one barge (SCF 26151B) that was repaired by its owner, all repairs performed to barges involved in the breakaway were performed in-house by Cooper and/or by Cooper's contractors.

38.    The cost of repairs to barge CHB 9952, which was the only barge the AGAPI S contacted on 9-10 February 2016, was $7,320.00.

39.    M/V SOLENT was anchored at all material times.

40.   M/V SOLENT was struck by barges from the Cooper fleet.

**VIII.   <u>CONTESTED ISSUES OF FACT</u>**

1.   Whether any wheel wash from the AGAPI S persisted over one-half mile downriver and interacted with Block 4;

2.   Whether Cooper properly followed its own high river mooring procedures on the date of the incident;

3.   Whether Kyle Smith is a credible and competent witness regarding the matters contained in his report;

4.   Whether Maurice Ryan is a credible and competent witness regarding the matters contained in his report;

5.   Whether Cooper, which had sole care and custody of the barges at the time of the breakaway, is liable for any damage caused by the breakaway;

6.   Whether Cooper failed to properly secure the barges in Block 4;

7.   Whether Cooper is negligent, in whole or in part, for failing to properly secure the barges involved in the breakaway;

8.   Whether the wheel wash of Cooper's fleet boats that were pushing on Block 1 contributed to the breakaway of the barges at Block 4;

9.   Whether the wheel wash of the harbor tugs assisting the AGAPI S contributed to the breakaway of the barges at Block 4;

10.   Whether wave wash and/or wheel wash from passing vessels in the hours before the incident contributed to the breakaway of the barges at Block 4;

11.   Whether Cooper failed to exercise reasonable care for the barges in its custody on 09-10 February 2016;

12.     Whether Cooper has taken proper steps to mitigate its damages, if any;

13.     The amount of Cooper's recoverable damages, if any;

14.     Whether at all pertinent times the M/V AGAPI S was seaworthy and whether evidence exists to suggest there were any mechanical issues with the vessel.

15.     Whether any direct evidence establishes how the breakaway of barges from barge block No. 4 occurred on 10 February 2016.

16.     Whether the mooring wires and barge block configuration used by Cooper in the Darrow fleet on 9-10 February 2016 were inadequate due to the high state of the river and the increased size and strength of naturally occurring eddies.

17.     Whether the repairs allegedly performed by Cooper to the barges were witnessed or documented by any third-party.

18.     Whether the only evidence of any repairs performed by Cooper and/or Cooper's contractors are internal invoices and work orders, which do not independently substantiate the cost of repairs nor that the cost incurred was reasonable.

19.     Whether Bright Navigation or Empire King maintained any policies and procedures, or provided any training to the crew of the AGAPI S, regarding the hazards associated with the vessel's wheel wash.

20.     Whether Bright Navigation's or Empire King's policies and procedures for vessel grounding incidents address hazards associated with groundings near moored vessels or fleets.

21.     Whether Cooper operated the Darrow Fleet in accordance with all applicable permit requirements and regulations.

22.     When the barge breakaway from Block 4 of the Cooper Fleet occurred.

3321486-1                                     10

23.    Whether Empire King or Bright Navigation ever requested that Cooper preserve the mooring equipment.

24.    Whether during his 10 February 2016 survey, Kyle Smith preliminarily identified alleged damage to nine (9) barges, and estimated the total cost of repairs to be $48,252.00.

25.    The amount Cooper paid C & M Marine Ventures related to repairs to the barges and buoy barge damaged in the February 9-10, 2016 incident.

26.    The amount Cooper paid SCF Marine for the repairs to its barge SCF 26151B, which was damaged in the February 9-10, 2016 breakaway.

27.    The amount Cooper paid Heartland Barge Management, LLC for surveys to its barge CHB 9952, which was struck by the AGAPI S during the February 9-10, 2016 incident.

28.    The amount of work and time expenses Cooper incurred for its contracted fleet boats' work responding to the initial allision with Block 1 and to the breakaway from Block 4.

29.    The amount of pre-judgment interest recoverable by any prevailing party.

## IX.    CONTESTED ISSUES OF LAW

1.    Whether the AGAPI S and/or her Master, Pilot, and crew were negligent on 9 February 2016;

2.    Whether Empire King and/or Bright Navigation were negligent in failing to train the crew of the AGAPI S regarding hazards posed by wheel wash.

3.      Whether Empire King and/or Bright Navigation were negligent in failing to provide the crew of the AGAPI S with policies or procedures to mitigate the hazards posed by wheel wash.

4.      Whether Empire King and/or Bright Navigation were negligent in failing to provide the crew of the AGAPI S with policies and procedures addressing the hazards posed by a grounding near moored vessels or fleets.

5.      Whether Empire King's and/or Bright Navigation's failure to train the crew of the AGAPI S or enact policies or procedures regarding the hazards posed by wheel wash and hazards posed by grounding near moored vessels or fleets rendered the AGAPI S unseaworthy on February 9-10, 2016.

6.      Whether the presumption of the *Oregon Rule* applies against the AGAPI S.

7.      Whether the breakaway of barges from Block 4 of Cooper's Darrow fleet was proximately caused by the AGAPI S;

8.      Whether the breakaway of barges from Block 4 of Cooper's Darrow fleet was proximately caused by inadequate mooring and securing of the barges by Cooper;

9.      Whether the breakaway of barges from Block 4 of Cooper's Darrow fleet was proximately caused by wheel wash from Cooper's own fleet boats;

10.     Whether the breakaway of barges from Block 4 of Cooper's Darrow fleet was proximately caused by wheel wash from the harbor tugs and/or other passing vessels;

11.     What was the cause in fact of the breakaway of barges from Block 4 of Cooper's Darrow fleet;

12. Whether the AGAPI S may be held vicariously liable for the actions of any other vessel(s);

13. Whether Cooper has sufficient circumstantial evidence of causation to overcome the absence of direct evidence;

14. Whether Cooper has sufficient circumstantial evidence to exclude all other reasonable hypotheses of causation with a fair amount of certainty;

15. Whether Cooper's internal Work Orders and Invoices are competent evidence of its claimed damages;

16. Whether Cooper had a duty to preserve wires it claims parted during the breakaway;

17. Whether Cooper breached a duty to preserve evidence by failing to retain the broken wires from Block 4;

18. Whether Cooper has abused the judicial process and acted in bad faith during the course of the litigation, such that Empire is entitled to an award of attorney's fees and costs;

19. Whether Empire King has conducted its defense to Cooper's claims in bad faith and abused the judicial process by disputing its clear liability in the incident and attempting to "spend Cooper into submission," such that Cooper is entitled to an award of its attorneys' fees and costs, pursuant to the Fifth Circuit's decision in *Moench v. Marquette Transp. Co. Gulf-Inland, LLC*, 838 F.3d 836, 594-598 (5th Cir. 2016).

20. Whether Cooper was negligent;

21.     Whether Cooper's negligence was the proximate cause of any damages resulting from the breakaway;

22.     Whether Cooper's negligence was an intervening cause of the breakaway, to the extent any other cause may exist;

23.     Whether there is a presumption of fault against the barges which struck the M/V SOLENT.

24.     All issues of law implicit in the foregoing issues of fact.

## X.    EXHIBIT LIST

A.  Cooper and the barge owners will introduce the following exhibits at the trial of this matter:

a.  Exhibits to be admitted without objection:

1.     VDR data of the M/V AGAPI S for February 9-10, 2016.

2.     AIS data for area of Cooper fleet on February 9-10, 2016.

3.     Cooper invoices for barge repairs (Cooper 247-259).

4.     C&M Marine Ventures, LLC invoices for barge repairs (Cooper 260, 318-320, 322-324. 326--328, 330, and 332-336).

5.     July 28, 2016 claim correspondence from SCF Marine, Inc. to Cooper, and all attachments thereto (Cooper 216-225).

6.     Check to SCF Marine, Inc. for repairs to barge damaged in incident (Cooper 7).

7.     June 7, 2016 invoice from Heartland Barge for survey to CHB 9952 and attached survey (Cooper 312-317).

8.     February 19, 2016 invoice from Kyle Smith Marine Surveying (Cooper 339).

9.     February 29, 2016 invoice from Crescent Towing (Cooper 354).

10.     Record of time spent by vessels responding to February 9, 2016 incident. (Cooper 261).

11.     February 10, 2016 survey by Kyle Smith (Cooper 208-215).

12.     February 12, 2016 survey by Kyle Smith (Cooper 348-349).

13.     February 15, 2016 survey by Kyle Smith (Cooper 350-353).

14.     Settlement, Subrogation, and Assignment Agreements between Cooper and barge owners (Cooper 5-6)

15.     Cooper emails relating to assignments (Cooper 12-161).

16.     October 17, 2018 expert report by Kyle Smith.

17.     Cooper fleet diagram for February 9, 2016 (Cooper 236-246).

18.     Vessel Logs for M/V VINCENT J. EYMARD, M/V BARBARA, M/V JOANNE C, M/V NATURES WAY COMMANDER, M/V MISS KIM, and BAYOU PIQUANT (Cooper 295-310).

19.     Cooper Dispatch Logs (Cooper 337-338).

20.     Cooper Incident Report and attached survey notes (Cooper 277-286).

21.     Cooper Fleeting Rules and Regulations (2016) (Cooper 287-294).

22.     February 10, 2016 Cooper Email Thread (Cooper 1-2)

23.     February 10, 2016 email from Eric Knutson of SCF Marine to Byron Borne (Cooper 311).

24.     Cooper permitting and licensing documents (Cooper 162-207)

25.     February 10, 2016 class survey of M/V SOLENT (Cooper 262-264).

26.     February 10, 2016 protest by master of M/V SOLENT (Cooper 266).

27.     February 10, 2016 Report of Marine Accident, Injury or Death completed by M/V AGAPI S (AGAPI 2-3).

28.     February 10, 2016 class survey of M/V AGAPI S (AGAPI 5-7).

29.     M/V AGAPI S Ships Particulars (AGAPI 8).

30.     M/V AGAPI S deck logs (AGAPI 42-43).

31.     M/V AGAPI S telegraph logs (AGAPI 62-65).

32.     M/V AGAPI S Pilot Cards (AGAPI 66-69).

33.     M/V AGAPI S bell book (AGAPI 101-103).

34.     Bright Navigation Emergency Response Manual Extract (AGAPI 195-209).

35.     Bright Navigation Navigation Policy (AGAPI 210).

36.     Bright Navigation Navigation Procedure (AGAPI 211-223).

37.     Form RLM-109 (AGAPI 224-226).

38.     AGAPI S emails related to incident (AGAPI 227-242).

39.     M/V SOLENT claim and damage supports.

40.     Settlement, Subrogation, and Assignment Agreements between Cooper and barge owners (Cooper 3-4 and 8-11).

41.     Aerial and/or satellite images of the Cooper fleet in Darrow, Louisiana.

42.     Any documents identified in any party's disclosures and/or exchanged in discovery.

43.     Any pleading and/or written discovery pleading, including attachments, served by any party.

44.     Any correspondence between the parties.

45.     Transcripts of any deposition taken in this matter, and exhibits thereto.

46.     Any expert report produced by any party.

47.     Any document relied on by any expert in this matter.

48.     Any exhibit listed any other party.

49.     Any document needed for impeachment.

49.     Any document needed for authentication.

   b.  Exhibits objected to:

Empire objects to C&M Ventures, LLC's Invoices (Bates Nos. Cooper 0321, Cooper 0325, and Cooper 0331) on the grounds that they are irrelevant under Rule 401 and inadmissible under Rules 402 and 104(b). The basis for Empire's objections is further set forth in Empire's previously filed Objections to Plaintiff's Exhibit List, Rec. Doc. 43. Cooper's response is set forth in Cooper's previously filed Memorandum Regarding Exhibits Objected to by Empire, Rec. Doc. 47.

 B. Empire King will introduce the following exhibits at the trial of this matter:

  a. <u>Exhibits to be admitted without objection</u>:

   1. M/V AGAPI S Ship's Particulars;

   2. Cooper's Incident Report;

   3. M/V SOLENT Sea Protest;

   4. USCG Form 2692 dated February 10, 2016;

   5. M/V AGAPI S VTC frames;

   6. MRTIS images and recordings of navigation in the area of 81 Mile Point on February 9-10, 2016;

   7. Radar Images of M/V AGAPI S;

   8. ABS Class Reports of M/V AGAPI S;

   9. Captain of the Port Order 0124-16;

   10. Diagrams of the Cooper Darrow Barge Fleet on February 9-10, 2016;

   11. M/V AGAPI S Bell Book;

   12. M/V AGAPI S Telegraph Log;

13.      M/V AGAPI S Deck Log;

14.      M/V AGAPI S VDR;

15.      M/V AGAPI S Pilot Card;

16.      Cooper/T. Smith and/or Cooper Consolidated emails regarding contact of M/V AGAPI S with Block 1;

17.      Cooper/T. Smith and/or Cooper Consolidated emails regarding barge breakaway from Block 4;

18.      Cooper Consolidated, LLC's Fleeting Rules & Regulations (2016);

19.      Damage survey report of Kyle Smith;

20.      Cooper/T. Smith Stevedoring Incident Report;

21.      Mississippi River Traffic Information System recording for February 9-10, 2016;

22.      Transcript of AGAPI S VDR;

23.      Any and all depositions previously given by any witness;

24.      Any document produced by any party in discovery;

25.      Any documents made attachments to depositions or referred to in any depositions taken, or yet to be taken, during the course of discovery;

26.      Any documents and/or exhibits listed by any other party;

27.      Any documents requested in discovery but not yet produced by other parties;

28.      Any documents received pursuant to any subpoena issued by any party in this matter;

29.     Any exhibits used as rebuttal evidence/testimony;

30.     Any document listed by Plaintiffs.

C.     The SOLENT interests will introduce the following exhibits at the trial of this matter:

a.     <u>Exhibits to be admitted without objection:</u>

1.     Publicly available AIS information, including but not limited to MRTIS data showing relevant vessel movements and related information

2.     AGAPI S VDR data and screen shots of same

3.     Google Earth over views and screen shots of same

4.     All exhibits to the deposition of Wendell Landry

5.     All documents produced by Cooper/T. Smith Stevedoring and Cooper Consolidated in response to Interrogatories and Requests for Production of Documents

6.     Responses to the requests for admissions propounded by the M/V SOLENT interests

7.     Reports, attachments and photographs of Fernandes Maritime Consultants

8.     Report, attachments and photographs of Kyle Smith

9.     Report and attachments of Maurice Ryan

10.    Report and attachments of Braemar Marin Surveying

11.    All damage supports previously produced by the M/V SOLENT including:

a.    NK Class – Rotterdam invoices

b.    NK Class – NOLA invoices

c.    Damen Ship Repair invoices

d.    Crew work supports

e.    Dockage invoice supports

f.    Invoice for mooring lines

g.    Invoice of Fernandes Maritime Consultants

h.    Invoice of Scandinavian Underwriters Agency

12.    Survey reports from Scandinavian Underwriters

13.    Report of Schoo & Co. / Mr. Kees-Jap Budding — prepared by the surveyor for the M/V AGAPI S following attendance in Ghent and/or Rotterdam

14.    MRTIS data for the passage of the JOHN M. DONNELY, the JN PHILLIPS and/or any and all other vessels, including but not limited to the AGAPI S

15.    U.S. Coast Guard AIS recordings for the incident in question

16.    Discovery to any party and responses thereto

17.    Letters of Undertaking issued in this case

18.    Fleet diagrams and U.S. Army Corps of Engineer permits

19.    Class NK survey documents for the incident in question

20.    Invoices for repairs of barges damaged in the incident

21.    Any deposition taken in this matter, as well as all attachments

22.    Cooper incident report and attached survey notes

23.    Cooper Bates-stamped documents 0001 - 0277

24.    February 10, 2016 protest by the master of the M/V SOLENT

25.    Chaffe McCall "Response to allegations that AGAPI S caused barge breakaway at Cooper Fleet on February 10, 2016;"

26.    Any and all other documents wherein AGAPI S has attempted to lay blame at the feet of another vessel for this incident;

27.    Any exhibit listed by any other party

28.    Any document developed through further discovery

29.    Any document needed for impeachment or rebuttal.

## XI.    DEPOSITION TESTIMONY TO BE OFFERED AT TRIAL

A.    By Cooper and the Barge Owners:

Cooper and the Barge Owners will introduce the deposition testimony of any witness unavailable for trial pursuant to the Federal Rules of Civil Procedure, which may include, but not necessarily be limited to, Empire King Navigation, Inc., through its corporate representative, Captain Daniel Tudorica.

On January 15, 2019, seven full working days prior to trial, Cooper and Barge Owners filed a summary of what they intend to prove and convey to the Court by deposition testimony. *See* Rec. Doc. 44. On January 17, five full working days prior to trial, Cooper and Barge Owners filed an objection to the deposition testimony proposed by Empire. *See* Rec. Doc. 53.

B.    By Empire King and SOLENT interests:

Empire King and SOLENT interests will introduce the deposition testimony of any witness unavailable for trial pursuant to the Federal Rules of Civil Procedure, which may include but not necessarily be limited to the following:

      1.     Empire King Navigation, Inc., through its corporate representative, Captain Daniel Tudorica;

All parties reserve the right to use the deposition testimony of any witness who is unavailable for trial.

## XII.   **DEMONSTRATIVE AIDS**

A.  By Cooper and the barge owners:

Cooper and the barge owners intend to use enlarged Google Earth screen shots, radar screen shots, Mississippi River Transit Information System (MRTIS) screen shots, fleet diagrams, other diagrams, and excerpts of documents in connection with opening statements and/or closing arguments. If such are to be used by Cooper and the barge owners, they will be submitted to opposing counsel at least five full working days prior to trial and, if there is then opposition to their use, the dispute will be submitted to the Court at least three full working days prior to trial. Cooper submitted all demonstrative aids it intends to rely on to Empire on January 18, 2019. Empire filed objections to Cooper's demonstrative aids on January 22. *See* Rec. Doc. 56 Cooper filed its response to Empire's Objections on January 23. *See* Rec. Doc. 62.

B.  By Empire King:

Empire King intend to use enlarged satellite photographs, VTC Frames, radar images, Mississippi River Transit Information System (MRTIS) screen captures, diagrams, visual timelines, and excerpts of documents in connection with opening statements and/or closing arguments. Empire submitted all demonstrative aids it intends to rely on to Cooper and Solent on January 17, 2019, five full working days before trial. Both Empire and Cooper filed objections to the others' demonstrative aids on January 22, three full working days before trial. *See* Rec. Docs.

56, 58. Solent has not submitted any demonstrative aids, nor objected to any parties' demonstrative aids.

      C. By SOLENT interests:

The SOLENT interests reserve the right to use any demonstrative aid listed by any other party.

All parties reserve the right to use a chalkboard, drawing paper, the Elmo projector and enlargements of any photos or exhibits introduced into evidence.

**XIII.**    <u>**WITNESS LIST**</u>

      A. By Cooper and the barge owners:

*Will call:*

1. Wendell Landry
Managing Director of Stevedoring, Cooper Consolidated, LLC
C/O Frederick W. Swaim III/Emmitt L. DuBose III
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
Mr. Landry will testify as Cooper's corporate representative regarding the history and operations of the Cooper Darrow Fleet, Cooper's policies and procedures for operating the fleet, the facts and circumstances of the February 9-10, 2016 incident, post-incident surveys/investigation, the property damage and repairs, and work and time costs incurred by fleet boats responding to incident.

2. Byron Borne
Cooper Consolidated, LLC
C/O Frederick W. Swaim III/Emmitt L. DuBose III
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
Mr. Borne will testify regarding the history and operations of the Cooper Darrow Fleet, Cooper's policies and procedures for operating the fleet, the facts and circumstances of the February 9-10, 2016 incident, post-incident surveys/investigation, the property damage and repairs, and work and time costs incurred by fleet boats responding to incident.

3. Roy Duncan
   Cooper Consolidated, LLC
   C/O Frederick W. Swaim III/Emmitt L. DuBose III
   Galloway, Johnson, Tompkins, Burr & Smith
   701 Poydras Street, 40th Floor
   New Orleans, Louisiana  70139
   Mr. Duncan will testify regarding the history and operations of the Cooper
   Darrow Fleet, the facts and circumstances of the February 9-10, 2016 incident, the
   property damage and repairs, and work and time costs incurred by fleet boats
   responding to incident.

4. Kyle Smith
   Kyle Smith Marine Surveying, Inc.
   141 Robert E. Lee Blvd., 115
   New Orleans, Louisiana 20124
   Mr. Smith will offer fact and opinion testimony regarding the circumstances of
   the February 9-10, 2016 incident, post-incident surveys/investigation, the cause of
   the barge breakaway, and the property damage and repairs. Mr. Smith's expert
   report was properly disclosed in accordance with the Federal Rules of Civil
   Procedure and this Court's scheduling order.

5. Capt. Aubrey Spreen
   NOBRA Pilot
   c/o Mark Pivach
   Pivach, Pivach, Hufft, Thriffiley & Dunbar, LLC
   8311 Highway 23, Suite 104
   Belle Chasse, Louisiana 70037
   Capt. Spreen will testify regarding the facts and circumstances of the February 9-
   10, 2016 incident.

6. Amy Slay
   Cooper/T. Smith Stevedoring Company, Inc.
   C/O Frederick W. Swaim III/Emmitt L. DuBose III
   Galloway, Johnson, Tompkins, Burr & Smith
   701 Poydras Street, 40th Floor
   New Orleans, Louisiana  70139
   Ms. Slay will testify regarding the authentication and validity of the assignment
   agreements between Cooper and the owners of the barges damaged during the
   February 9-10, 2016 incident.

B. By Empire King:

*Will call:*

>    1.    Capt. Maurice Ryan
>          16 Voisin Drive
>          Destrehan, Louisiana, 70047
>          Capt. Ryan will provide expert testimony consistent with his
>          previously disclosed report.

>    2.  Cpt. J.T. Doyle
>        c/o Mark Pivach
>        Pivach, Pivach, Hufft, Thriffiley & Dunbar, LLC
>        8311 Highway 23, Suite 104
>        Belle Chasse, Louisiana 70037
>        Mr. Doyle is a NOBRA Pilot who may testify regarding events that occurred on
>        the bridge of the AGAPI S on the night of the incident.

>    3.  Captain Dustin Jeansonne, Captain of the VERA BISSO
>        E.N. Bisso & Son, Inc.
>        1 Walnut Street
>        New Orleans, LA 70118
>        Capt. Jeansonne will testify regarding the circumstances surrounding the
>        grounding of the AGAPI S

>    C.  By M/V SOLENT interests

>    1.  *None*

## XIV.   <u>BENCH TRIAL</u>

This matter will be a bench trial.

## XV.   <u>LIABILITY AND DAMAGES TO BE TRIED TOGETHER</u>

The issue of liability will not be tried separately from that of quantum.

## XVI.   <u>OTHER MATTERS</u>

Counsel are unaware of any other matters that might expedite the disposition of this case.

XVII.     **TRIAL DURATION**

Trial shall commence on January 28, 2018 at 9:00AM and the parties believe that this matter can be tried in two days.

XVIII.    **CONFERENCE STATEMENT**

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded for corrections or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

XIX.      **SETTLEMENT STATEMENT**

The possibility of settlement of this case was considered.

Respectfully submitted,

*/s/ Emmitt L. DuBose III*
FREDERICK W. SWAIM III (LA #28242)
EMMITT LEIGHTON DUBOSE III (#35113)
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Telecopier:  (504) 525-2456
***Counsel for Cooper/T. Smith Stevedoring Company, Inc., Cooper Consolidated, LLC, RTI Barge Management, Inc., Cargill, Inc., and SCF Marine, Inc.***

3321486-1                                       26

_/s/ Daniel A. Tadros_
Daniel A. Tadros, T.A. # 21906
Alan R. Davis # 31694
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075
tadros@chaffe.com
davis@chaffe.com
**Attorneys for Empire King Navigation, Inc.**

PHELPS DUNBAR, LLP


BY:  _s/ Kevin J. LaVie_
KEVIN J. LAVIE, T.A. (#14125)
ADAM N. DAVIS (#35740)
Canal Place
365 Canal Street - Suite 2000
New Orleans, LA  70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
kevin.lavie@phelps.com
adam.davis@phelps.com
Attorneys for Plaintiffs, ms
"Provence" Schiffahrtsgesellschaft
mbH & Co. KG and FH Bertling
Reederei GmbH


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all known counsel of record via the U.S. District Court's E-file system on this 25th day of January, 2019.


_/s/ Emmitt L. DuBose III_
EMMITT L. DUBOSE III