UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COOPER/T. SMITH STEVEDORING COMPANY, INC. and COOPER CONSOLIDATED, L.L.C.<br><br>Plaintiffs<br><br>VERSUS<br><br>BRIGHT NAVIGATION, INC., *in personam*, and the M/V AGAPI S, *in rem*<br><br>Defendants | \* CIVIL ACTION NO. 17-1216 **c/w** 17-4965<br>\* (**This Document Relates to Both Cases**)<br>\*<br>\* JUDGE NANETTE JOLIVETTE BROWN<br>\*<br>\* MAGISTRATE JANIS VAN MEERVELD<br>\*<br>\* ADMIRALTY<br>\*<br>\*<br>\* Pursuant to Rule 9(h) of the<br>\* Federal Rules of Civil Procedure<br>\* |

**COOPER'S MEMORANDUM IN SUPPORT OF OBJECTION TO TESTIMONY BY BOBBY SURENDRA**

Pursuant to the Court's instructions during trial on January 30, 2019, Cooper/T. Smith Stevedoring Company, Inc. and Cooper Consolidated, L.L.C. (collectively, "Cooper") respectfully submit this memorandum in support of their objection and request to strike testimony by Bobby Surendra made during trial on January 29, 2019.

**I.    Background**

Bobby Surendra is a marine surveyor hired by counsel for Empire King Navigation, Inc. ("Empire") to investigate damages arising from the February 9-10, 2016 allision and breakaway at issue in this case. Specifically, Mr. Surendra is believed to have conducted a joint inspection of the barges that were damaged in the incident with Cooper's surveyor, Kyle Smith, on February 15, 2016.

Despite failing to include Mr. Surendra on its witness lists, on the second day of trial Empire called Mr. Surendra to testify as a rebuttal to Mr. Smith's testimony that Mr. Surendra had an opportunity to inspect the mooring lines that parted during the incident when he attended

the barges on February 15. Cooper and the M/V SOLENT interests objected to the testimony on the grounds that Empire had not listed Mr. Surendra as a witness, despite being aware that Empire's opportunity to inspect the mooring equipment used during the incident would be a contested issue at trial. The Court allowed Mr. Surendra to testify, but permitted Cooper and the SOLENT interests an opportunity to strike Mr. Surendra's testimony from consideration through written briefs to be submitted following trial. Pursuant to the Court's instructions, Cooper submits this memorandum in support of their objection and request to trike the testimony of Mr. Surendra.

II. **Empire has known for months that Cooper would argue at trial that Mr. Surendra had an opportunity to inspect the mooring wires, but Empire chose not to list Mr. Surendra as a witness.**

The Court's Pre-Trial Notice Form states that no witnesses, other than those designated in the Pre-Trial Order, will "be allowed to testify unless agreeable to all parties and their addition does not affect the trial date."[1] But, the Pre-Trial Notice Form notes that the above restriction "will not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated."[2] It was this exception for rebuttal witnesses that Empire relied on to introduce Mr. Surendra's testimony. However, Empire had been aware for several months leading up to trial that the availability of Cooper's mooring wires for inspection would be a contested issue at trial. Empire should have reasonably anticipated that Mr. Surendra's testimony on this issue would be needed at trial, and for that reason it was improper for Empire to call Mr. Surendra as a rebuttal witness.

Empire first mentioned its alleged spoliation claim related to the failed mooring wires in November 2018 in its opposition to Cooper's *Daubert* motion seeking to exclude Empire's

---

[1] Rec. Doc. 16-1, at p. 6.
[2] *Id.*

2

expert, Maurice Ryan.[3] In its reply on the same motion, Cooper pointed out that Empire had a surveyor on site following the incident, yet no request was made to inspect the mooring wires until November 2018.[4] Thus, Empire was aware well before trial that Cooper would argue that Empire's surveyor had an opportunity to inspect the mooring equipment at issue, but failed to do so.

If Cooper's response to the spoliation allegation in the briefings on its *Daubert* motion were not clear enough, the contested issues of fact included in the Joint Proposed Pre-Trial Order filed on January 10, 2019 show unmistakably that the issue of Empire's opportunity to inspect the mooring equipment would be contested at trial. The Pre-Trial Order contains the following contested issues of fact:

> **46.    Whether Empire King and/or Bright Navigation dispatched a surveyor to the scene immediately following the incident, and whether the surveyor had the opportunity to inspect the mooring equipment during his survey but failed to do so.**
>
> **47.    Whether, for over two and one half years after the incident, Empire King or Bright Navigation made any request to inspect the mooring equipment.**
>
> **48.    Whether Empire King or Bright Navigation ever requested that Cooper preserve the mooring equipment.[5]**

Despite its knowledge that Cooper would be arguing that its surveyor had an opportunity to inspect the mooring equipment following the incident, but failed to do so, Empire did not include Mr. Surendra in its witness list within the Pre-Trial Order.[6] Nor did Empire seek to add

---

[3] Rec. Doc. 31, at p. 10.
[4] Rec. Doc. 34, at p. 6.
[5] Rec. Doc. 37, at p. 14.
[6] *Id*. at 30-31.

Mr. Surendra as a witness when it made other corrections to its witness list during the pre-trial conference and in the Revised Pre-Trial Order.[7]

Given this backdrop, Empire absolutely knew or should have known that it would need Mr. Surendra's testimony at trial, and Empire's calling of Mr. Surendra with no prior notice to the other parties was therefore improper. Accordingly, the Court should strike Mr. Surendra's testimony.

### III. The Court should also strike Mr. Surendra's testimony based on Empire's improper conduct in withholding Mr. Surendra's report.

During the sidebar conference discussing Empire's request to call Mr. Surendra, counsel for Empire stated that no party had ever requested a copy of Mr. Surendra's survey report. That statement was incorrect. Cooper and the SOLENT interests have requested the report many times throughout the case and yet it was not until the second day of trial that Empire produced a copy of it. Even then, the report was produced only because Empire's expert brought a copy of it with him to the witness stand. Empire's consistent efforts to withhold Mr. Surendra's report ensured that no other party would have knowledge of his expected testimony, or have a meaningful opportunity to cross-examine him. In light of Empire's refusal to produce Mr. Surendra's report, Empire should not have been permitted to use Mr. Surendra's testimony at trial.

Cooper propounded Interrogatories and Requests for Production of Documents on Empire in June 2018. Interrogatory No. 12 requested the names and contact information for all persons with knowledge concerning the allegations of the lawsuit. Empire responded by listing the crew of the AGAPI S, a corporate representative of Empire, and the river pilot aboard the AGAPI S at the time of the allision and grounding. Empire did not include Mr. Surendra in its response despite the fact

---

[7] Rec. Doc. 66, at p. 25.

that he had knowledge of the damage to the barges involved in the incident.[8] Additionally, Request for Production No. 1 called for copies of all "documents and communications that you exchanged, sent to, or received from any party relative to the losses alleged in the Complaint."[9] In its response to the request, Empire produced USCG records and a survey of the AGAPI S performed by its classification society, but did not include or make any reference to Mr. Surendra's survey report.

On October 15, 2018, counsel for the SOLENT interests specifically requested a copy of Mr. Surendra's report in an e-mail exchange among all counsel.[10] Cooper is not aware of any response by Empire to the request.

On December 19, 2018, Cooper took the corporate deposition of Empire. Included in the notice of corporate deposition were a number of document requests, including requests for: "[a]ny communications between the vessel, including her owners and managers, and any parties or third-parties regarding the February 9, 2016 incident" and "[a]ny materials pertaining to any investigation(s) by Empire and/or any manager or operator of the vessel into the February 9, 2016 incident."[11] Though Mr. Surendra's report was responsive to both of these requests, Empire did not produce it or make any reference to it in connection with its deposition.

Cooper again requested a copy of Mr. Surendra's report when it showed up on Empire's exhibit list (noted as "Report of Braemar Technical Services, Inc.") during the drafting of the Joint Pre-Trial Order on January 10, 2018. Cooper noted the request in comments to the working draft.[12] When counsel for Empire circulated their next round of changes, however, they had deleted the references to Mr. Surendra's report from Empire's exhibit list without comment or explanation.[13]

Lastly, Cooper specifically requested Mr. Surendra's report in an e-mail exchange among all

---

[8] Ex. A, Empire's Responses to Cooper's Interrogatories, at p. 8.
[9] Ex. B, Empire's Responses to Cooper's Requests for Production of Documents, at p. 3.
[10] Ex. C, October 15, 2018 e-mail exchange among all counsel, at pg. 1.
[11] Ex. D, Notice of Rule 30(b)(6) deposition, at p. 3.
[12] Ex. E, excerpt from draft Pre-Trial Order circulated by Cooper at 10:41AM on January 10, 2019.
[13] Ex. F, excerpt from draft Pre-Trial Order circulated by Empire at 5:46PM on January 10, 2019.

counsel on January 21, 2019 discussing proposed revisions to the contested issues of fact listed in the Joint Pre-Trial Order. In its response, Empire acknowledged Mr. Surendra's involvement but did not produce his report.[14]

In light of Empire's consistent efforts to hide the report of Mr. Surendra's survey from discovery, Empire should not be permitted to use Mr. Surendra's testimony regarding the circumstances that occurred during the survey (and presumably recorded in the report) to ambush the other parties at trial.

### IV. Conclusion

Empire's calling of Mr. Surendra on the second day of trial, with no prior notice to the Court or the other parties, was nothing short of an impermissible ambush. The testimony that Empire solicited from Mr. Surendra was a response to a contested issue of fact that Empire had been aware of for months. Moreover, Empire's improper withholding of Mr. Surendra's report ensured that neither Cooper nor the SOLENT interests would have any knowledge of Mr. Surendra's expected testimony or have a meaningful opportunity to cross-examine him. For these reasons, Mr. Surendra's testimony should be struck from the record and not considered in rendering the Court's ultimate opinion.

Respectfully submitted,

*/s/ Emmitt L. DuBose III*  
FREDERICK W. SWAIM III (LA #28242)  
EMMITT LEIGHTON DUBOSE III (#35113)  
Galloway, Johnson, Tompkins, Burr & Smith  
701 Poydras Street, 40th Floor  
New Orleans, Louisiana 70139  
Telephone: (504) 525-6802  
Telecopier: (504) 525-2456  
**Counsel for Cooper/T. Smith Stevedoring Company, Inc. and Cooper Consolidated, LLC**

---

[14] Ex. G, Jan. 21-22, 2018 e-mail exchange among all counsel, at p. 2.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all known counsel of record via the U.S. District Court's E-file system on this 6th day of February, 2019.

                                              */s/ Emmitt L. DuBose III*
                                              EMMITT L. DUBOSE III